SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
NEIL A. SMITH, Cal. Bar No. 63777
NATHANIEL BRUNO, Cal. Bar No. 228118
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4106
Telephone: 415-434-9100
Facsimile: 415-434-3947
Electronic mail:    nsmith@sheppardmullin.com
                    nbruno@sheppardmullin.com

Of Counsel (Pro Hac Vice Applications To Be Filed):
HOWARD, PHILLIPS & ANDERSEN
Gregory D. Phillips Utah Bar No. 4645
Thomas R. Lee Utah Bar No. 5991
Scott R. Ryther Utah Bar No. 5540
560 East 200 South, Suite 300
Salt Lake City, UT 84102
Telephone: 801-366-7471
Facsimile: 801-366-7706
Electronic mail:    gdp@hpalaw.com
                    leet@law.byu.edu
                    sryther@hpalaw.com

Attorneys for Plaintiffs
Volkswagen AG and Volkswagen Group of America, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**VOLKSWAGEN AG,** a German corporation, and **VOLKSWAGEN GROUP OF AMERICA, INC.,** a New Jersey corporation,

Plaintiffs,

Civil Action No.    CV 09    0231

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

1. Trademark Infringement

i

v.

**VERDIER MICROBUS &
CAMPER, INC.,** an entity of
unknown origin, and **ALEXANDRE
VERDIER,** an Individual,

        Defendants.

(Lanham Act § 32);

2. False Designation of Origin
   (Lanham Act §43(a)):
3. Trademark Dilution
   (Lanham Act § 43(c));
4. Common Law Trademark
   Infringement; and
5. Violation of California Business
   and Profession Code Sections
   14330, 17200, and 17500

ii

Plaintiffs Volkswagen AG and Volkswagen Group of America, Inc. (collectively "VW") for their claims against Verdier Microbus & Camper, Inc., and Alexandre Verdier (collectively "Defendants") allege as follows:

## SUBSTANCE OF THE ACTION

1.    This suit arises out of Defendants' misappropriation of VW's distinctive and world-famous trademarks and trade dress. Defendants feature VW's trademarks and trade dress in nearly every facet of their business operations in order to convey the false impression to consumers that Defendants and their products are associated with VW.   Specifically, Defendants are marketing a vehicle copying the VW® MICROBUS® vehicle design that misappropriates the famous and distinctive trade dress of VW's MICROBUS® vehicle and misappropriates a debased copycat of VW's world-famous VW EMBLEM® trademark, as displayed below:

| | |
|---|---|
| <br><br>*Defendants' "Microbus" design and copycat Verdier Logo* | <br>Compare to U.S. Serial No. 79037996<br>  |
| <br><br>*Defendants' "Microbus" design incorporating an exact replica of the VW EMBLEM® trademark* | Compare to the overall appearance of the Volkswagen Microbus concept automobile unveiled at the 2001 Detroit Auto Show that was based on the appearance of the 1967 VW Microbus |
| <br><br>Defendants' Copycat Logo | <br>Compare to U.S. Registered Trademark No. 0,804,869 |

1

2.    VW asserts claims for federal trademark infringement, trademark dilution, and false designation of origin under Sections 32(1), 43(c), and 43(a) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(c), and 1125(a), and trademark infringement under California statutory and common law.  VW seeks preliminary and permanent injunctive relief, attorney fees, and costs.

## THE PARTIES

3.    Plaintiff Volkswagen AG is a German corporation with its principal place of business in Wolfsburg, Germany.

4.    Plaintiff Volkswagen Group of America, Inc. ("VWGoA") is a New Jersey corporation with its principal place of business in Herndon, Virginia.  VWGoA is the exclusive U.S. licensee for Volkswagen AG with exclusive authority to import Volkswagen vehicles, parts, accessories, and related products into the U.S. and with responsibility for enforcing the trademarks of Volkswagen AG in the U.S.

5.    Upon information and belief, Defendant Verdier Microbus & Camper, Inc., is an entity of unknown origin with its principal place of business in San Francisco, California.

6.    Upon information and belief, Defendant Alexandre Verdier is an individual and principal of Verdier Microbus & Camper, Inc.  Verdier is the moving, conscious, and active force behind the infringing acts complained of herein.  He actively participated in and approved the acts of infringement alleged herein.  Defendant Verdier resides in Montreal, Canada.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over the federal trademark infringement, trademark dilution, and false designation of origin claims under 28 U.S.C. §§ 1331 and 1338(a), and over the remaining claim under 28 U.S.C. §

2

1367(a).

8.    This Court has personal jurisdiction over Defendants for several reasons. First, Defendants' business address on Defendants' website is listed as 726 31st Avenue, San Francisco, California, U.S.A., which is located in this district. Second, Defendants operate an interactive website, at http://verdier.ca, that offers reservations for their line of infringing vehicles to consumers in California and elsewhere. Thus, Defendants have a place of business in this district and are directing their infringing acts at consumers in this district with knowledge that the effects of their infringing activity will be felt in this district. Accordingly, this action arises out of wrongful acts committed by Defendants in this judicial district and directed at consumers in this district, thus subjecting them to personal jurisdiction here. Defendants are engaged in interstate and foreign commerce in and with the United States.

9.    Venue is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

10.    Because this action is an Intellectual Property Action as specified Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

## FACTUAL BACKGROUND

11.    Plaintiffs Volkswagen AG and Volkswagen Group of America, Inc. are commonly known world-wide as "VW." VW is one of the most successful automobile manufacturers in the world. The VW® name and logo are world-renowned and are emblematic of the goodwill and commercial success of the Volkswagen brand.

12.    VW obtained its first U.S. Trademark Registration for VW® in 1957 (U.S. Reg. No. 0,653,695) and has acquired many additional registrations for the VW® mark and related marks.

3

13.    VW uses the VW® mark in connection with a design trademark or logo consisting of an encircled "V" and "W," known as the VW EMBLEM®, as depicted here:



14.    VW obtained its first U.S. Trademark Registration for the VW EMBLEM® (Reg. No. 0,804,869) in 1966 and has acquired numerous additional registrations for the design trademark.

15.    VW holds additional registrations for VW® and the VW EMBLEM® in many other countries throughout the world.

16.    VW's registrations for the VW EMBLEM® trademark (Reg. No. 0,804,869) are valid, unrevoked, subsisting, and incontestable, and constitute prima facie evidence of VW's exclusive ownership of these marks.    Copies of VW's registration certificates for the VW EMBLEM® are attached as Exhibit A and incorporated herein by reference.

17.    VW also holds a U.S. registration for the MICROBUS® trademark (Reg. No. 3,407,639) and for the VOLKSWAGEN MICROBUS® trademark (Reg. No. 3,003,226).

18.    VW's registrations for the MICROBUS® trademark (Reg. No. 3,407,639) and VOLKSWAGEN MICROBUS® (Reg. No. 3,003,226) are valid, unrevoked, and subsisting and constitute prima facie evidence of VW's exclusive ownership of these marks.    Copies of VW's registration certificates for the MICROBUS® and VOLKSWAGEN MICROBUS® trademarks are attached as Exhibit B and incorporated herein by reference.

4

19.    VW has manufactured several prototypes for a new version of the MICROBUS® automobile and has considered a plan to reintroduce the MICROBUS® automobile into its model line-up for mass production and sales.

20.    VW has also established ownership rights in the distinctive shape and overall appearance of the VW Microbus automobile.  The world-famous shape and appearance of this vehicle is the subject of a U.S. trademark registration application that VW is currently prosecuting (US Serial No: 79037996).  A Copy of VW's amended drawing associated with this application, incorporating the trade dress of the VOLKSWAGEN MICROBUS® automobile, is attached as Exhibit C and incorporated herein by reference.   The VW® name and emblem and the VOLKSWAGEN MICROBUS® trademark and trade dress are collectively referred to hereinafter as the "VW Marks."

21.    The trade dress of the VW Microbus is distinctive and has been described as one of "VW's most famous vehicle[s], and it is one that is still instantly recognizable    today..."     CarGurus.com,     Volkswagen     Microbus     History, http://www.cargurus.com/Cars/Overview-d913-Volkswagen-Microbus.html     (last visited Jan. 12, 2009).

22.    VW has expended many millions of dollars in advertising, promoting, enforcing, and developing the VW Marks throughout the world.  VW prominently displays the VW Marks in its advertising in a wide variety of media, including on the Internet, on television, and in newspapers and magazines.  In addition, VW permits its dealers and licensees to use the VW Marks in their business names, on their business premises, and in their advertising—subject to standards and specifications established by VW.

23.    VW regulates the use and display of the VW Marks by its dealers and licensees in order to ensure the consistency and quality of the use and display of the

5

VW Marks and to otherwise maximize the goodwill and economic value of the marks. As a result, VW has established inestimable goodwill in the VW Marks, which have become widely known and recognized throughout the world as symbols of the unique and high quality vehicles and services provided by VW.

24.    The VW Marks are inherently distinctive and also have acquired distinctiveness as a consequence of VW's use and promotion of the marks worldwide. The VW Marks are immediately identifiable and associated by the general public with VW, and have thus acquired secondary meaning.    The VW Marks, and the goodwill associated with the marks, are invaluable assets of substantial and inestimable worth to VW.

25.    VW advertises online and operates a number of websites that incorporate the VW Marks.  VW also authorizes its licensees to use the VW Marks.

26.    VW acts through an organization of dealers, which sell and service new and used VW automobiles and related parts, products, and services, in this district, and throughout the United States.

27.    VW exercises great care and exerts substantial effort to control the nature and quality of the goods and services provided under the VW Marks.

### Defendants' Violations of VW's Trademark Rights

28.    This is a quintessential case of trademark infringement.  Subsequent to VW's development and use of the VW Marks, Defendants began operating a business that designs, manufactures, and sells automobiles.  Defendants consciously designed their automobiles to appear as if they were manufactured by, sponsored by, or affiliated with VW.  Defendants blatantly infringe the VW Marks in nearly every facet of their business operations.  Defendants' infringing acts are aimed directly at the heart of VW and its business activities.

29.    Defendants prominently feature replicas, confusingly similar versions, or

6

colorable imitations of the VW Marks in and on their products, product model names, product descriptions, and advertising, including on their website, in their website's hidden text or metatags, and promotional materials. Their website, at http://verdier.ca, presents graphical depictions of a line of vehicles that misappropriate the trade dress of the VW MICROBUS® and incorporate a copycat of the VW EMBLEM® and VW® MICROBUS® vehicle. The metatags in their website use "vw," "volkswagen," and "microbus," in order to cause confusion, mistake, or deception among the public. The website also includes a "RESERVE" button that allows consumers to complete an online application to "reserve a 'New Pioneers Edition' of its line of "Verdier Microbuses," by completing an online agreement and making an online payment that includes a "$10,000 initial reservation fee + $1,000 non-refundable administration fee by credit card with Paypal."

30.     Defendants have developed a logo that is a debased copycat of the VW EMBLEM®. The copycat and genuine original are depicted below:



| Defendants' Copycat Logo | Compare to U.S. Registered Trademark No. 0,804,869 |
|---|---|

31.     Defendants have also copied and incorporated the VW trademarks and trade dress associated with the VW Microbus automobile in their own vehicle design.

32.     Upon information and belief, Defendants have not yet sold or manufactured any of their "Microbus" knock-off vehicles, but are currently and actively marketing them to consumers in the United States and in this district and

PLAINTIFFS' VERIFIED COMPLAINT FOR
INJUNCTIVE RELIEF

taking reservations on their website.

33.    Upon information and belief, Defendants plan to begin production of the "Microbus" knock-offs some time in the summer of 2009.    Images depicting Defendants' automobile designs juxtaposed with the trade dress of the VW Microbus automobile appear below:





Compare to U.S. Serial No. 79037996



*Defendants' "Microbus" design and copycat Verdier Logo*



*Defendants' "Microbus" design incorporating an exact replica of the VW EMBLEM® trademark*

Compare to the overall appearance of the Volkswagen Microbus concept automobile unveiled at the 2001 Detroit Auto Show that was based on the appearance of the 1967 VW Microbus

34.    Defendants have also misappropriated the VW Marks in the name of their business, "Verdier Microbus & Camper, Inc."

W02-WEST:6NB1\401290529.1

PLAINTIFFS' VERIFIED COMPLAINT FOR
INJUNCTIVE RELIEF

35.    Defendants are in no way affiliated with or authorized or sponsored by VW and have no authority to use the VW Marks to identify the products, services, or goods they advertise, promote, or sell.

36.    Defendants' use of the VW Marks in conjunction with the advertisement, promotion, and sale of Defendants' products and services constitutes a misappropriation of the VW Marks and associated goodwill, and is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants' products are affiliated with, authorized, sponsored, or endorsed by VW.

37.    Defendants' wrongful use of the VW Marks or confusingly similar versions thereof, dilutes, tarnishes, and whittles away the distinctiveness of the VW Marks.  The unauthorized use and display of the VW Marks by competitors of VW, such as Defendants, causes serious harm to VW because it lessens the capacity of the VW Marks to designate VW and the goods and services provided by VW and its dealers.

38.    Defendants acts have caused actual confusion in the marketplace. Evidence of actual confusion can be found in many online articles and blogs about Defendants' product.  Copies of some of these online blogs and articles written by consumers that evidence actual confusion are attached as Exhibit D and incorporated herein by reference.

39.    Defendants use the VW Marks and intentionally similar versions thereof with actual knowledge of VW's prior adoption and use of the VW Marks. Defendants have ignored several opportunities to resolve this matter, leaving VW with no choice but to file this suit.

40.    Defendants have carried out and continue to carry out such acts with the intent to mislead and deceive consumers and the public in general.  In so doing,

9

Defendants have caused irreparable damage to the VW Marks and to the goodwill of VW in the VW Marks. VW became aware of Defendants' unauthorized use of VW trademarks and trade dress on or about November 21, 2008, and referred the matter to counsel for appropriate follow-up.

41.    Counsel for VW sent Defendants a cease and desist letter addressed to its San Francisco, California address, on December 1, 2008.

42.    On December 10, 2008, Canadian counsel for Defendants faxed a response to counsel for VW asserting (inaccurately) that it was not marketing its products in the United States and would not be answerable to an action brought in this district.

43.    Despite several exchanges of correspondence with VW's counsel, Defendants ultimately refused to comply with VW's demands to cease and desist the unauthorized use of VW's trademarks and trade dress, leaving VW no alternative but to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

44.    The allegations set forth above in paragraphs 1 - 43 are incorporated herein by reference.

45.    The VW Marks are inherently distinctive and also have acquired secondary meaning. The public associates the VW Marks exclusively with VW and the automobiles that it manufactures and sells. The distinctiveness of the VW Marks has been fortified through extensive advertising and sales of VW's goods and services throughout the world.

46.    Despite VW's well-known prior rights in the VW Marks and without VW's authorization, Defendants have used and continue to use counterfeits, copies, reproductions, or colorable imitations of the VW Marks in connection with the

10

advertisement, promotion, and sale of Defendants' products and services.

47. Defendants have willfully infringed VW's exclusive rights in the VW Marks in violation of 15 U.S.C. § 1114.

48. Defendants' misappropriation of the VW Marks or colorable imitations thereof has been and continues to be done with the intent to cause confusion and mistake, and to deceive consumers concerning the source or sponsorship of Defendants' products and services. Accordingly, this is an exceptional case and VW is entitled to treble damages, attorney fees, and other extraordinary remedies under 15 U.S.C. § 1117.

49. As a direct and proximate result of Defendants' conduct, VW has suffered irreparable harm. Unless Defendants are restrained from further infringement of the VW Marks, VW will continue to be irreparably harmed.

50. VW has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue. Defendants' acts affect and threaten to injure the interstate and foreign commerce of VW in and with the United States.

51. As a direct and proximate result of Defendants' conduct, VW has suffered damage.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution)

52. The allegations set forth above are incorporated herein by reference.

53. The VW Marks are famous trademarks. They are inherently distinctive and also have acquired substantial renown.

54. VW has extensively and exclusively used the VW Marks in commerce.

55. Defendants' unauthorized and unlawful use of the VW Marks as described above creates a substantial likelihood of dilution of the distinctive quality

11

of the VW Marks and of tarnishment of the VW Marks in violation of 15 U.S.C. § 1125(c)(1).

56.    As a direct and proximate result of Defendants' conduct, VW has suffered irreparable harm.  Unless Defendants are restrained from further dilution of the VW Marks, VW will continue to be irreparably harmed.

57.    VW has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

58.    As a direct and proximate result of Defendants' conduct, VW has suffered damages.

### THIRD CLAIM FOR RELIEF
### (False Designation of Origin)

59.    The allegations set forth above are incorporated herein by this reference.

60.    Defendants have knowingly used the VW Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendants promote and sell.

61.    By Defendants' unauthorized use of the VW Trademarks, Defendants have used a false designation of origin that is likely to cause confusion, mistake, or deception as to the connection of Defendants with VW in violation of 15 U.S.C. § 1125(a).

62.    Defendants have intentionally and willfully used false designations of origin, rendering this case exceptional within the meaning of 15 U.S.C. § 1117(a).

63.    As a result of Defendants' conduct, VW has been irreparably harmed in its business.  Moreover, VW will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations, as set forth above.

12

64.    VW has no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

65.    As a direct and proximate result of Defendants' conduct, VW has suffered damages.

### FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

66.    The allegations set forth above are incorporated herein by this reference.

67.    By reason of the acts complained of herein, Defendants have infringed VW's trademarks, and are passing off their vehicles as associated with VW, in violation of the common law.

68.    As a result of Defendants' trademark infringement, VW has been irreparably harmed in its business.

69.    Defendants' acts have been done knowingly, maliciously, and oppressively, and with intent to trade upon the goodwill of VW and to injure VW.

70.    Defendants will continue their acts of infringement to the irreparable injury of VW and the public unless restrained and enjoined.

71.    VW has no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

72.    As a direct and proximate result of Defendants' conduct, VW has suffered damages.

### FIFTH CLAIM FOR RELIEF
### (Violation of California Business & Professions Code
### §§ 14330, 17200, and 17500)

73.    The allegations set forth above are incorporated herein by this reference.

13

74.    Defendants have violated California Civil Code Sections 1770(a)(2) and 1770(a)(3) by "misrepresenting the source, sponsorship, approval or certification of goods or services" and "[m]isrepresenting the affiliation, connection, or association with, or certification by, another," Cal. Civil Code §§ 1770(a)(2), 1770(a)(3).

75.    In committing any or all of the acts alleged above, Defendants have engaged in unlawful, unfair or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200 and have diluted the VW Marks in violation of Cal. Bus. & Prof. Code § 14330.

76.    Defendants have intentionally engaged in advertising and made statements that are misleading, in violation of Cal. Bus. & Prof. Code § 17500.

77.    Defendants' actions of unfair competition have caused irreparable harm to Volkswagen. Unless Defendants are restrained from their actions, Volkswagen will continue to be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, VW prays for judgment against Defendants as follows:

A.    Under all claims for relief, that a preliminary and permanent injunction be issued enjoining Defendants, their employees, partners, agents, successors, and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunction, from:

(1)    imitating, copying, or making unauthorized use of the VW Marks, including, but not limited to, in their copycat logo, in their vehicle designs, and in the business name "Verdier Microbus & Camper, Inc.";

(2)    importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the VW Marks;

14

(3)    using any simulation, reproduction, counterfeit, copy, or colorable imitation of the VW Marks or VW vehicles in connection with the promotion, advertisement, website code, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product;

(4)    using any false designation of origin or false description, including, without limitation, any letters or symbols constituting the VW Marks, or performing any act, which may, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed, or sold by Defendants is in any manner associated or connected with VW or the VW Marks, or is sold, manufactured, licensed, sponsored, approved, or authorized by VW;

(5)    engaging in any other activity constituting unfair competition with VW with respect to the VW Marks, or constituting an infringement of any or all of the VW Marks, or of VW's rights in, or to use or exploit, any or all of the VW Marks; and

(6)    instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above.

B.    For an order directing that Defendants to recall and deliver for destruction all signs, labels, tags, prints, packages, videos, vehicles, parts and advertisements in their possession or under their control, bearing or using any or all of the VW Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118.

C.    For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted

15

by Defendants is authorized by VW or related in any way to VW's products or services.

D.    For an order directing that Defendants file with the Court and serve upon VW's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

E.    For an award of VW's costs and disbursements incurred in this action, including VW's reasonable attorney fees.

F.    For such other and further relief as the Court may deem just and proper.

DATED this 16th day of January 2009.

SHEPPARD MULLIN RICHTER & HAMPTON LLP
NEIL A. SMITH, Cal. Bar No. 63777
NATHANIEL BRUNO, Cal. Bar No. 228118

Of Counsel (Pro Hac Vice Applications To Be Filed):
HOWARD, PHILLIPS & ANDERSEN
Gregory D. Phillips Utah Bar No. 4645
Thomas R. Lee Utah Bar No. 5991
Scott R. Ryther Utah Bar No. 5540

Attorneys for Plaintiffs
Volkswagen AG and
Volkswagen Group of America, Inc.

16

W02-WEST:6NB1\401290529.1

PLAINTIFFS' VERIFIED COMPLAINT FOR
INJUNCTIVE RELIEF

# **VERIFICATION**

Debra Kingsbury, under penalty of perjury of the laws of the United States declares:

That she is Assistant General Counsel of Volkswagen Group of America, Inc., and directs Volkswagen Group of America, Inc.'s trademark enforcement program; that she has read, is familiar with, and has personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within her personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that she is informed that the facts stated therein are true and correct.

Executed this 15ᵗʰ day of January 2009 in Herndon, Virginia.


Debra Kingsbury

17