IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLKSWAGEN AG, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VERDIER MICROBUS AND CAMPER, INC., et al.,<br><br>    Defendants.<br>_____ / | No. C 09-00231 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 27, 2009, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **reserves issuing a tentative ruling on** Plaintiffs' motion for a preliminary injunction. The parties each shall have fifteen (15) minutes to answer the following questions:

1. Have the parties reached a settlement? If not, has there been progress in the settlement talks?

2. Are Plaintiffs moving for a preliminary injunction on all of the marks at issue and on all of their claims?

    a. According to Exhibit B to Plaintiffs' complaint, the "Microbus," mark "consists of a stylized design of a bus." Is there any evidence in the record that Plaintiffs have trademarked the word mark "Microbus?" (*See* Compl., Ex. B.)

    b. If Plaintiffs are moving for a preliminary injunction on their trade dress rights, what is their best argument that the trade dress in the Microbus is non-functional. *See Clicks Billiards v. Sixshooters*, 251 F.3d 1252, 1258 (9th Cir. 2001).

3. Relying on statements in the Verified Complaint, Plaintiffs assert that the each of the marks at issue are identifiable and associated by the general public with VW. Apart from the Verified Complaint, is there any other evidence in the record to support Plaintiffs' argument that these have acquired secondary meaning?

4. In *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008), the Supreme Court found that the Ninth Circuit's standard of the likelihood of irreparable injury was too lenient and held that a plaintiff must demonstrate that irreparable injury is "*likely* in the absence of an injunction." *Id*. at 375; *see also id.* at 375-76 ("Issuing a preliminary injunction based only a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)).

    a. In light of the materials submitted in support of Plaintiffs' supplemental brief regarding service, how does the application of *Winter* affect Plaintiffs' showing of irreparable harm?

**IT IS SO ORDERED.**

Dated: February 25, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE