IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLKSWAGEN AG, et al., | |
| Plaintiffs, | No. C 09-00231 JSW |
| v. | **ORDER REQUIRING ADDITIONAL SUPPLEMENTAL BRIEFING RE MOTION FOR PRELIMINARY INJUNCTION** |
| VERDIER MICROBUS AND CAMPER, INC., et al., | |
| Defendants. | |

On February 27, 2009, this matter came before the Court for a hearing on Plaintiffs' motion for a preliminary injunction. It has come to the Court's attention that at least some of the Internet articles and blog postings, which Plaintiffs submit to show actual confusion, are dated 2006 and 2007. Although Defendants have not appeared or opposed the motion, these documents, submitted by Plaintiffs, raise the possibility of a laches defense. Accordingly, the Court requests further briefing on the issue of when Plaintiffs "knew or should have known" they had a claim against Defendants. *See, e.g., Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006).

Plaintiffs assert claims for trademark infringement and trade dress infringement based on a group of marks that they refer to collectively as the VW Marks. Those marks are as follows:

(1) the VW Emblem; (2) the Microbus design mark; (3) the VOLKSWAGEN MICROBUS word mark; and (4) trade dress rights in encompass the "distinctive shape and overall appearance of the VW Microbus automobile." In their brief, Plaintiffs have not analyzed the

likelihood of success on the merits with respect the individual marks and the trade dress. Rather, they analyze the merits by referring to VW Marks collectively. It does not appear to the Court that Plaintiffs have registered "Microbus" as a word mark alone. Because Plaintiffs seek to enjoin Defendants from using the term "Microbus" in their business name, the Court requests additional briefing on the question of whether Defendants' use of this term infringes Plaintiffs' marks.

The Court also request further briefing on the trade dress claim. Plaintiffs' trade dress is not registered, and, in order to prevail on the trade dress claims, Plaintiffs must prove: "(1) that [the] claimed dress is non-functional; (2) serves a source-identifying role either because it is inherently distinctive or has acquired secondary meaning; and (3) that the defendants' product creates a likelihood of confusion." *Clicks Billiards, Inc. v. Six Shooters, Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001); *see also Scentsy, Inc. v. Performance Mfg., Inc.*, 2009 WL 320334 at *8 (D. Id. Feb. 9, 2009). Because Plaintiffs subsumed the trade dress claim within the trademark claim, they have not addressed the first two elements in their briefs. Nor have they specifically identified what elements of the Microbus design constitute its trade dress. Plaintiffs shall do so in the supplemental briefing required by this Order.

Finally, Plaintiffs shall address the issue of an appropriate bond in the event the Court grants the motion. Plaintiffs' supplemental brief shall be due to the Court on or before March 13, 2009, and shall not exceed ten (10) pages. Any opposition to the supplemental briefing permitted by this Order shall be due by March 20, 2009. Plaintiffs reply, if any, shall be due on March 27, 2009. If Defendants do not file an opposition, the matter shall be taken under advisement. Plaintiffs shall serve a copy of this Order on Defendants.

**IT IS SO ORDERED.**

Dated: March 2, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE